

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-11-2006

# Doe v. Natl Bd Med Examiner

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2254

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Doe v. Natl Bd Med Examiner" (2006). *2006 Decisions.* Paper 112.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/112

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-2254
_____

JOHN DOE,

Appellant

v.

NATIONAL BOARD OF MEDICAL EXAMINERS

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 99-cv-04532)
District Judge: Chief Magistrate Judge M. Faith Angell
_____

Argued January 17, 2006

Before: FUENTES, BECKER,[*] and ROTH,[**] Circuit Judges.

(Filed : December 11, 2006)

_____

    *This case was argued before the panel of Judges Fuentes, Becker and Roth.  Judge
Becker died on May 19, 2006, before the filing of the opinion. The decision is filed by a
quorum of the panel. 28 U.S.C. § 46(d).

    **Judge Roth assumed senior status on May 31, 2006.

Gregory S. Seador, Esquire (Argued)
Latham & Watkins
555 11th Street, NW
Suite 1000
Washington, DC 20004

Rachel L. Strong, Esquire
Howrey LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004

Robert M. Bruskin
Washington Lawyers' Committee For
Civil Rights and Urban Affairs
11 DuPont Circle, N. W.
Suite 400
Washington, DC 20036

        Counsels for Appellant

Gabriel L. Bevilacqua, Esquire (Argued)
Joseph C. Monahan, Esquire
Saul Ewing
1500 Market Street
Centre Square West, 38th Floor
Philadelphia, PA 19102

        Counsels for Appellee

_____

OPINION
_____


**ROTH**, Circuit Judge

John Doe, a doctor diagnosed with multiple sclerosis, filed suit against the

National Board of Medical Examiners (NBME), seeking injunctive relief. In his action

under the Americans with Disabilities Act (ADA), Doe argues that an annotation on his

Medical Licensing Examination scores, which effectively reveals that he is disabled, should be removed. The District Court entered summary judgment in favor of the NBME, holding that Doe was not entitled to injunctive relief because he could not show a likelihood of future injury. Doe appeals the District Court's judgment. We will affirm.

## I. Facts and Procedural History

The facts and complicated procedural history of this case are well-known to the parties for whom we principally write. Hence we set forth only basic background facts and limit our discussion largely to our *ratio decidendi*.

John Doe is a doctor who was diagnosed with multiple sclerosis while in college. His condition causes physical problems and discomfort, including muscular spasticity, fine motor problems, and urgency of the bowel and bladder. However, his cognitive abilities are not affected. The NBME provided Doe with testing accommodations during at least two parts of the United States Medical Licensing Examination (USMLE). The USMLE is a standardized multiple-choice test designed to assess one's understanding of medical concepts. In order to receive a license to practice medicine in the United States, an applicant must receive a passing score on each of three parts of the USMLE.

When those with disabilities take the USMLE, they may request certain accommodations. Doe requested, and was given, extra time to complete the exam and a seat located near a bathroom. Whenever an examinee like Doe is granted extra time,

3

the NBME annotates or "flags" the examinee's transcript of scores.[1] Specifically, the statement "Testing Accommodations" is printed on the front of the transcript of scores. On the back is printed: "Following review and approval of a request from the examinee, testing accommodations were provided in the administration of the examination." Because accommodations are given only to those who are disabled, any annotation essentially indicates that the person receiving accommodations is disabled.

Doe claims, for the second time before this Court, that the practice of flagging his score report violates the ADA. Doe initially filed a complaint in the District Court for the Eastern District of Pennsylvania on September 10, 1999. At that time, Doe was in the process of applying for a residency and he sought to prevent the NBME from annotating his USMLE scores. By consent of the parties, the District Court assigned the case to a Magistrate Judge. The court granted Doe's motion for a preliminary injunction. *See Doe I*, 1999 U.S. Dist. LEXIS 16836, at *47. The NBME appealed. On expedited appeal, we found that Doe had standing to bring his claim, but we vacated the preliminary injunction because Doe did not demonstrate a likelihood of success on the merits. *See Doe v. Nat'l Bd. of Med. Exam'rs*, 199 F.3d 146, 149 (3d

---

[1]The NBME has claimed that this practice of "flagging" is important because it "cannot certify the meaning of scores [gained with time-related accommodations] as comparable to scores obtained under standard administration conditions." *Doe v. Nat'l Bd. of Med. Exam'rs*, No. 99-4532, 1999 U.S. Dist. LEXIS 16836, at *27 (E.D. Pa. Nov. 1, 1999) (*Doe I*). In other words, the NBME has determined that a grant of additional time might affect the "validity" of a score. Doe argues that his scores are indeed comparable to the scores of those candidates who have taken the USMLE under standard time conditions. We need not – and do not – rule on this issue of comparability.

Cir. 1999) (*Doe II*). After the injunction was vacated, the District Court granted the NBME's subsequent motion for summary judgment. That ruling is now before us. We have jurisdiction to review it pursuant to 28 U.S.C. § 1291.

On appeal, Doe emphasizes that the annotation on his transcript of scores violates the ADA because it discloses against his will the fact that he is disabled. Doe is no longer applying for a residency programs as he was when he first filed suit against the NBME. Instead, Doe now asserts that he plans to move to California and to apply for a license to practice medicine there. Doe would therefore be required to submit his flagged USMLE scores to the Medical Board of California. Doe also states that "should [he] choose to pursue a fellowship" or "relocate" to another state, he will be required to again submit his USMLE scores to the proper fellowship program or state licensing body. He seeks to enjoin the NBME from annotating any of his score reports to reflect the accommodations received.

## II. Standing

Three requirements must be met to establish constitutional standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). First, the plaintiff must demonstrate an "injury-in-fact." *See Danvers Motor Co. v. Ford Motor Co.*, 432 F.3d 286, 290-291 (3d Cir. 2005) (citing *Lujan*, 504 U.S. at 560-61). The injury must be concrete and particularized and actual or imminent, as opposed to conjectural or hypothetical. *Id.* Second, the plaintiff must demonstrate "a causal connection between the injury and the conduct complained of." *Id.* Last, the plaintiff must show that it is

5

likely, not merely speculative, that his or her injury will be redressed by a favorable decision. *Id.*; *see also Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 399 F.3d 248, 254-55 (3d Cir. 2005); *Lloyd v. Hovensa, LLC*, 369 F.3d 263, 272 (3d Cir. 2004).

In addition to meeting these three basic requirements for standing, Doe must also "meet[] the preconditions for asserting an injunctive claim in a federal forum." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). To establish standing in an action for injunctive relief, a plaintiff must show that he or she is likely to suffer *future* injury from the defendant's illegal conduct. *See Roe v. Operation Rescue*, 919 F.2d 857, 864 (3d Cir. 1990). Past illegal conduct is insufficient to warrant injunctive relief unless it is accompanied by "continuing, present adverse effects." *Lyons*, 461 U.S. at 102 (*citing O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)).

Because Doe cannot show a likelihood of a future injury, we hold that he lacks standing to seek injunctive relief. Doe objects to the annotation on his score report because it discloses the fact that he is disabled. It is true that we have stated previously that being identified as a disabled person against one's will may provide a basis for standing. *See Doe II*, 199 F.3d at 153. However, we also suggested in *Doe II* that standing will not exist, despite an involuntary disclosure, where a fear of subsequent discrimination is unfounded or is not "based in reality." *Id.* In such a situation, an injury would likely be only theoretical. *Id.*

Here, Doe has failed to demonstrate a realistic fear that the Medical Board of California – or any other state licensing board – will discriminate against him in the

6

future as a result of the disclosure of his disability. This is largely because of the context in which USMLE scores are viewed during the licensing process. According to California law, physicians submitting their USMLE scores to the Medical Board need only obtain *passing* scores. *See* Medical Board of California, *Examination Scores*, *at* http://www.medbd.ca.gov/Applicant_Exam_Score.htm. This is true in other states as well. *See, e.g.*, Ronald L. Scott, *Cybermedicine and Virtual Pharmacies*, 103 W. Va L. Rev. 407, 463 (2001) ("Every state requires that a physician *pass* the United States Medical Licensing Examination . . . in order to practice medicine.") (emphasis added). Accordingly, Doe's USMLE score report and any annotation would be viewed on a pass-fail basis only. The Board simply has no discretion to treat annotated scores as different from, or inferior to, non-annotated scores. Therefore, any fear of discrimination related to disclosure would be unfounded.

While Doe claims that the flag placed on his score report "carries and harbors society's prejudices against people with disabilities," that cannot be the case where the score report is viewed only to determine whether an applicant has *passed* the USMLE. It is true that in the context of residency programs, USMLE scores may be used to actually evaluate candidates' relative performance. *See Doe II*, 199 F.3d at 148. In contrast, in the context of state licensing, the scores are assessed on a pass-fail basis only to determine whether a candidate has met the necessary licensing requirements. Since Doe has received a passing score on the USMLE examinations, it seems inconceivable that he would be denied a license to practice medicine as a result of the

annotation on his scores. Equitable relief is therefore not warranted because any fear of future harm is not "based in reality."

In addition to emphasizing his alleged plans to move to California, Doe states that "should [he] choose to pursue a fellowship, he will be required to submit his USMLE scores to the fellowship program." He also states that "should [he] ever seek to relocate and practice medicine in any other [state] he will be required to obtain a license in that state and submit his USMLE scores to the state's licensing authority."

We conclude that Doe lacks standing to seek relief on these bases as well. Doe is unable to show, for purposes of constitutional standing, the required injury-in-fact relating to the possibility that he might pursue a fellowship or relocate to a state other than California. Doe has asserted the mere *possibility* that he might at some point submit his USMLE scores to a fellowship program or another state licensing body. As the Supreme Court has cautioned: "'[S]ome day' intentions – without any description of concrete plans, or indeed even any specification of *when* the some day will be – do not support a finding of the 'actual or imminent' injury that our cases require." *Lujan*, 504 U.S. at 564; *see id.* at 564 n.2 ("[W]e have insisted that the injury proceed with a high degree of immediacy, so as to reduce the possibility of deciding a case in which no injury would have occurred at all.").

## III. Conclusion

Because Doe lacks standing to bring this action for injunctive relief, the District Court did not err in granting judgment for the NBME. The judgment of the District

8

Court will be affirmed.